IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 11 |
| RSTZ TRANSPORT, INC., | : | |
| | : | CASE NO. 25-20123-JRS |
| Debtor. | : | |
| | : | |
| PACCAR FINANCIAL CORP., | : | |
| | : | |
| Movant, | : | CONTESTED MATTER |
| | : | |
| v. | : | |
| | : | |
| RSTZ TRANSPORT, INC., | : | |
| | : | |
| Respondent. | : | |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that PACCAR Financial Corp has filed **a Motion to Modify Automatic Stay** and related papers with the Court seeking an order seeking to terminate the automatic stay.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the **Motion to Modify Automatic Stay** at **10:30 a.m.** on **March 13, 2025** in **Courtroom 103**, United States Courthouse, 121 Spring Street SE, Gainesville, Georgia 30501, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including

addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is Clerk, U.S. Bankruptcy Court, Room 120, 121 Spring Street SE, Gainesville, Georgia 30501. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the Motion cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the Motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated: 2/21/2025

/s/ Thomas E. Austin, Jr.
Thomas E. Austin, Jr.
Georgia Bar No. 028835
Attorney for Movant
Thomas E. Austin, Jr., LLC
2451 Cumberland Parkway SE
Suite 3504
Atlanta, Georgia 30339
(404) 814-3755

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| RSTZ TRANSPORT, INC., | : |
| | : CASE NO. 25-20123-JRS |
| Debtor. | : |
| | : |
| PACCAR FINANCIAL CORP., | : |
| | : |
| Movant, | : CONTESTED MATTER |
| | : |
| v. | : |
| | : |
| RSTZ TRANSPORT, INC., | : |
| | : |
| Respondent. | : |

**MOTION TO MODIFY AUTOMATIC STAY,
WAIVER OF THE 30-DAY REQUIREMENT OF SECTION 362(e),
AND WAIVER OF STAY OF ORDER UNDER BANKRUPTCY RULE 4001(a)(3)**

COMES NOW, PACCAR Financial Corp. ("PACCAR"), a creditor of the above-named Debtor and Movant in this proceeding, and respectfully shows this Court as follows:

1.

RSTZ Transport, Inc. (the "Debtor") filed a petition for relief under Chapter 11 of Title 11 of the United States Code on January 31, 2025.

2.

The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 157 and 11 U.S.C. Section 362.

3.

The Debtor continues to operate as a Debtor-in-Possession.

4.

PACCAR holds a valid, properly perfected security interest in the Debtor's 2020 Peterbilt 579 Truck (the "Truck"), Vehicle Identification Number 1XPBDP9X4LD682558 by virtue of a Security Agreement Retail Installment Contract dated February 9, 2021, in the original principal amount of $131,438.05 (the "Note"), a copy of which is attached hereto and incorporated herein by reference as Exhibit "A", and by virtue of a Certificate of Title, a copy of which is attached hereto and incorporated herein by reference as Exhibit "B".

5.

The Debtor is in default under the terms of the Note referenced above and has demonstrated an inability to comply with the terms of the Note. As of this writing, the Debtor is due for the December 26, 2024 payment to PACCAR in the amount of $2,218.86 and the January 26, 2025 payment to PACCAR in the amount of $2,578.25, for a total pre-petition arrearage in the amount of $4,797.11. On February 14, 2025, PACCAR filed its' Proof of Claim in the amount of $42,697.59. Debtor's List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Doc. 1, page 6 of 63) shows a value for the Vehicle in the amount of $40,000.00. Moreover, according to the J.D. Power Used Car Guide, the Wholesale value of the Truck is in the amount of $41,275.00 as of February 5, 2025. Regardless of whether the value identified for the Truck is the Debtor's or PACCAR's, there is no equity in the Vehicle, PACCAR's security interest in the Truck is not adequately protected, and the automatic stay pursuant to 11 U.S.C. Section 362 should be terminated for cause.

6.

The Debtor is using the Vehicle without furnishing PACCAR with adequate protection.

7.

PACCAR's interest in the Vehicle is at risk of continuing diminution and loss and is not adequately protected.

8.

In addition, PACCAR does not have any information concerning the status of insurance coverage on the Truck. Upon information and belief, the Debtor does not have insurance coverage on the Truck. PACCAR's security interest in the Truck is not adequately protected, and the automatic stay pursuant to 11 U.S.C. Section 362 should be terminated for cause.

9.

PACCAR shows this Court that the above-described Truck is unnecessary to the Debtor's reorganization, and the automatic stay pursuant to 11 U.S.C. Section 362 should be terminated for cause.

10.

PACCAR further shows this Court that the above-described collateral is burdensome to the estate and of inconsequential value and should be abandoned.

11.

Pursuant to Bankruptcy Rule 4001(a)(3), an order granting a motion for relief from the automatic stay is stayed until the expiration of fourteen (14) days after the entry of the order "unless the court orders otherwise". PACCAR respectfully requests that the fourteen (14) day stay of the Order pursuant to Bankruptcy Rule 4001(a)(3) be waived, and this Order be deemed effective immediately on the date of the entry of the Order.

WHEREFORE, PACCAR Financial Corp. moves this Court for an order terminating the automatic stay pursuant to 11 U.S.C. Section 362 as to the Debtor's Truck, waiving the fourteen (14) day stay of the entry of the Order provided under Bankruptcy Rule 4001(a)(3), or,

alternatively, for an order requiring the Debtor to provide adequate protection payments to PACCAR, and for such other and further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED, this 21st day of February, 2025.

/s/ Thomas E. Austin, Jr.
Thomas E. Austin, Jr.
Georgia Bar No. 028835
Attorney for PACCAR Financial Corp.

Thomas E. Austin, Jr., LLC
2451 Cumberland Parkway SE
Suite 3504
Atlanta, Georgia 30339
(404) 814-3755
taustin@taustinlaw.com



# SECURITY AGREEMENT
## RETAIL INSTALLMENT CONTRACT

| SELLER | | | BUYER | |
|---|---|---|---|---|
| NAME | Hunter's Truck Sales & Service, Inc. | | NAME | RSTZ Transport, Inc. |
| PLACE OF BUSINESS | 101 E. Main Street<br>Eau Claire, PA 16030 | | STREET ADDRESS | 4110 Balsam Bark Drive<br>Cumming, GA 30028 |
| MAILING ADDRESS | P. O. Box H<br>Eau Claire, PA 16030 | | MAILING ADDRESS | 4110 Balsam Bark Drive<br>Cumming, GA 30028 |

Seller hereby sells, and Buyer (meaning all undersigned buyers, jointly and severally) hereby purchases, subject to the terms set forth below and on any attachments hereto, the following described vehicle(s) (the "Vehicle(s)"), delivery and acceptance of which in good order Buyer hereby acknowledges.

Buyer hereby grants a security interest in the Vehicle(s) and any additional collateral (collectively the "Collateral"), and any Additions and Accessions thereto (as defined below), to Seller and its assigns to secure prompt payment of the indebtedness herein and performance of Buyer's other obligations, including any additional indebtedness incurred as provided by this Contract and any extensions and renewals of the obligations and future advances and is subject to paragraph 16 "Cross Collateral" and the other provisions below. The security interest extends to the proceeds of the Collateral and the proceeds of any insurance policy.

Buyer also acknowledges that Seller has offered to sell the Vehicle(s) for the cash price indicated, but that the Buyer has chosen to purchase on the terms and conditions of this Contract.

### DESCRIPTION OF VEHICLE(S) - COLLATERAL (for security purposes only)

| YEAR | MAKE | MODEL | VEHICLE ID NUMBER (VIN) | NEW/USED | PRICE OF VEHICLE |
|---|---|---|---|---|---|
| 2020 | Peterbilt | 579 | 1XPBDP9X4LD682558 | New | $145,000.00 |
| | | | | Total: | $145,000.00 |

### DESCRIPTION OF TRADE-IN EQUIPMENT

| YEAR | MAKE | MODEL | VEHICLE ID NUMBER (VIN) | ALLOWANCE | PAYOFF | PAYOFF DUE TO |
|---|---|---|---|---|---|---|
| 2014 | Kenworth | T680 | 1XKYD49X1EJ415722 | $22,000.00 | $0.00 | |
| | | | Total: | $22,000.00 | $0.00 | |

### ITEMIZATION OF AMOUNT FINANCED

| | | | | |
|---|---|---|---|---|
| | CASH PRICE | Cash Price | $145,000.00 | |
| | | Sales Tax | $8,254.05 | |
| | | FET | $0.00 | |
| (a) | | TOTAL CASH PRICE | | $153,254.05 |
| | DOWN PAYMENT | Net Trade-in | $22,000.00 | |
| | | Cash | $0.00 | |
| (b) | | TOTAL DOWN PAYMENT | | $22,000.00 |
| (c) | UNPAID CASH PRICE -- (a minus b) | | | $131,254.05 |
| | OTHER CHARGES | | | |
| | | Document Preparation Fee | $144.00 | |
| | | Title Fee | $0.00 | |
| | | Other | $30.00 | |
| | | Battery & Tire Tax | $10.00 | |
| (d) | | TOTAL OTHER CHARGES | | $184.00 |
| (e) | PRINCIPAL BALANCE (Basic Time Price) -- (c plus d) | | | $131,438.05 |
| (f) | FINANCE CHARGE (Time Price Differential -- See Section 17) (Estimated) | | | $23,256.95 |
| (g) | CONTRACT BALANCE (Time Balance -- See Section 17) -- (Estimated) (e plus f) | | | $154,695.00 |

### PAYMENT SCHEDULE

The Contract Balance (Item g) is payable to the Seller or his assignee based on the following schedule:

| First Installment | No. of Installments | Amount Each | Payment Frequency |
|---|---|---|---|
| 1. March 26, 2021 | 60 | $2,578.25 | Monthly |

Page 1 of Security Agreement dated on or about February 09, 2021 between RSTZ Transport, Inc (Buyer) and Hunter's Truck Sales & Service, Inc. (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XPBDP9X4LD682558.

CAT. NO. 1291A PENNSYLVANIA FSCS 11/2016         PRINTED Feb-08-2021 6:28 AM PT



*EXHIBIT "A"*



# SECURITY AGREEMENT
## RETAIL INSTALLMENT CONTRACT

### BUYER REPRESENTS AND WARRANTS

The Collateral is to be used for business and commercial purposes, and not for agricultural purposes or for personal, family or household use. The Collateral will be titled in the State of Georgia.

Buyer's chief place of business is located at

| | |
|---|---|
| STREET | 4110 Balsam Bark Drive |
| CITY | Cumming |
| COUNTY | FORSYTHE |
| STATE | GA |
| ZIP CODE | 30028 |

Buyer will immediately notify Seller in writing of any change in the above address or location. This contract is entered into in the Commonwealth of Pennsylvania and is governed by its laws.

### DELINQUENCY CHARGE

For each installment not paid within 10 days of the date due, Buyer agrees to pay Seller a delinquency charge of 4% of the amount of the payment or payments in arrears, provided that such a delinquency charge is not prohibited by law, otherwise at the highest rate Buyer can legally obligate itself to pay and/or Seller can legally collect.

Page 2 of Security Agreement dated on or about February 09, 2021 between RSTZ Transport, Inc. (Buyer) and Hunter's Truck Sales & Service, Inc. (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XPBDP9X4LD682558.

CAT. NO. 1291A PENNSYLVANIA FSCS 11/2016                                    PRINTED Feb-08-2021 6:28 AM PT



# SECURITY AGREEMENT
## RETAIL INSTALLMENT CONTRACT

### 1. CERTIFICATE OF TITLE - LIENS.
Buyer agrees that any Certificate of Title for the Collateral will show Seller's security interest (lien) and will be delivered promptly to Seller. Seller has the right to hold the Certificate of Title until Buyer pays all indebtedness and performs all other obligations under this Contract. Buyer promises not to give any other party a lien or security interest in the Collateral without Seller's written consent. Buyer promises not to part with possession of, sell or lease the Collateral without Seller's written consent. Buyer hereby:

(a) agrees that from time to time, at the expense of the Buyer, Buyer will promptly execute and deliver all further instruments and documents, and take all further action that may be necessary or desirable, or that Seller may request, in order to perfect or protect any security interest granted or purported to be granted hereby or to enable Seller to exercise and enforce its rights and remedies hereunder with respect to any Collateral, and

(b) grants to Seller the power to sign Buyer's name and on behalf of Buyer to execute and file applications for title, transfers of title, financing statements, notices of lien and other documents pertaining to any or all of the Collateral.

### 2. ASSIGNMENT.
Seller has the right to assign this Contract to PACCAR Financial Corp. If Seller does assign it, PACCAR Financial Corp. will take all of the Seller's right, title and interest under this Contract (including Seller's interest in the Collateral). Thereafter, the term "Seller" in this contract shall mean PACCAR Financial Corp. This means, among other things, that Buyer will be required to make the payments under this Contract directly to PACCAR Financial Corp. Buyer agrees that if Seller assigns this Contract, and PACCAR Financial Corp. sues Buyer to collect any amount Buyer owes to PACCAR Financial Corp. or to enforce any of Buyer's other obligations to PACCAR Financial Corp., Buyer will not assert any claim or defense Buyer has against Seller as a claim, defense, or setoff against PACCAR Financial Corp.

### 3. INSURANCE.
Buyer agrees to keep the Collateral continuously insured against fire, theft, collision, and any other hazard Seller specifies by an insurance company Seller has approved. The amount of insurance shall be the full insurable value of the Collateral or the full amount of all obligations this Contract secures, whichever is greater. The insurance policy shall provide, in a form acceptable to Seller, for payment of any loss to Seller. Buyer shall deliver promptly to Seller certificates or, if requested, policies of insurance satisfactory to Seller, each with a loss-payable endorsement naming Seller or its assigns as loss-payee as their interests may appear. The insurance policy shall provide that it can be canceled only after written notice of intention to cancel has been delivered to Seller at least ten (10) days before the cancellation date. If the Collateral is lost or damaged, Seller shall have full power to collect any or all insurance proceeds and to apply them as Seller chooses either to satisfy any obligation secured by this Contract (whether or not due or otherwise matured), or to repair the Collateral. If Buyer obtains insurance from a company Seller has not approved, or fails to obtain any insurance, Seller may (but does not have to) obtain any insurance Seller desires to protect its interests. If Seller does so, Buyer shall reimburse Seller upon demand for its expenses. Seller shall have no liability at all for any losses which occur because no insurance has been obtained or the coverage of the insurance which has been obtained is incomplete.

### 4. TAXES.
Buyer agrees to pay before delinquency all sales and other taxes, license fees and other governmental charges imposed on the Collateral or its sale or use.

### 5. USE OF COLLATERAL.
Buyer agrees to keep the Collateral in good repair; to prevent any waste, loss, damage, or destruction of or to the Collateral; to prevent any unlawful use of the Collateral; and not to make or allow to be made any significant change in the Collateral or in its chassis, body or special equipment, without Seller's written consent. Buyer assumes all risk of damage, loss or destruction of or to the Collateral, whether or not insured against. Seller may examine the Collateral wherever located at any time, and Buyer will inform Seller of the Collateral's location upon Seller's request.

### 6. EXPENSES PAID BY SELLER.
Buyer agrees to reimburse Seller upon demand for any expenses paid by Seller such as taxes, insurance premiums, repair bills, title fees, or in the event of a default, to the fullest extent permitted by law, the expense of retaking, holding, preparing for sale, selling and the like including, (i) the fees of any attorneys retained by Seller, and (ii) all other legal expenses incurred by Seller. Buyer's obligation to pay the expenses shall be secured by this Contract.

### 7. TRADE-INS.
If Buyer has traded in any property, Buyer represents and warrants that the description of it on the front of this Contract is accurate, that the title conveyed is good and its transfer rightful, and that the property is delivered free from any security interest or other lien or encumbrance.

### 8. NO WARRANTY.
If the Vehicle is new, there is no warranty other than that of the manufacturer. If the Vehicle is used, it is sold "AS IS" and "WITH ALL FAULTS."
**SELLER MAKES NO WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE. UNLESS SET OUT IN WRITING AND SIGNED BY THE SELLER, THERE ARE NO OTHER WARRANTIES EXPRESS OR IMPLIED.**

### 9. ADDITIONS TO COLLATERAL.
Anything added to the Collateral, including but not limited to engines, transmissions, tires, wheels, fifth wheels, radios and electrical equipment, tanks and any other body or structure that becomes part of the Collateral, shall constitute "Additions and Accessions" and shall be subject to Seller's security interest. All Additions and Accessions must stay with the Collateral if it is repossessed or returned to Seller.

### 10. DEFAULT.
Time is of the essence in this Contract. The due dates for payments and the performance of the other obligations under this contract are among its most crucial provisions. Buyer shall be in default under this Contract upon the occurrence of any of the following:

Page 3 of Security Agreement dated on or about February 09, 2021 between RSTZ Transport, Inc. (Buyer) and Hunter's Truck Sales & Service, Inc. (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XPBDP9X4LD682558.

CAT. NO. 1291A PENNSYLVANIA FSCS 11/2016                    PRINTED Feb-08-2021 6:28 AM PT



# SECURITY AGREEMENT
## RETAIL INSTALLMENT CONTRACT

(a) Buyer fails to pay on or before the due date the full amount of any scheduled payment, taxes, insurance premium, or other obligation secured by this Contract or under any other instrument or agreement;

(b) Buyer fails to perform any of Buyer's obligations under this Contract;

(c) Any representation Buyer has made in this Contract or in any credit application or financial statement Buyer has given in connection with the credit secured by the Contract turns out to be false;

(d) Any check, note or other instrument given for a payment is dishonored when presented for payment;

(e) The Collateral is seized or levied upon under any legal or governmental process or proceeding against Buyer or the Collateral;

(f) Buyer's death or subject to insolvency proceedings as defined in the Uniform Commercial Code or becomes subject to bankruptcy;

(g) Buyer defaults in the payment or performance of any other agreement in connection with any other obligation owed to PACCAR Financial Corp. or for borrowed money;

(h) Any merger of the borrower with or into any person, or any sale, conveyance, transfer, lease or other disposition (whether in one transaction or a series of transactions) of all or substantially all of the buyer's assets without the prior approval of PACCAR Financial Corp.;

(i) Any change in the Chief Executive Officer and/or the Chief Financial Officer of the Buyer without prior notification to PACCAR Financial Corp.; or

(j) Seller reasonably deems the Collateral in danger of misuse, confiscation, damage, or destruction.

## 11. REMEDIES.

If Buyer defaults under this Contract, Seller may, at its option, with or without notice to Buyer:

(a) Declare this Contract to be in default;

(b) Declare the entire amount of the unpaid Time Balance, after deducting unearned Time Price Differential in accordance with the applicable state law, and other charges and indebtedness secured by this Contract immediately due and payable, without protest, presentment demand or notice (including but not limited to notice of intent to accelerate and notice of acceleration), all of which Buyer waives; and

(c) Exercise all of the rights and remedies of a secured party under the Uniform Commercial Code and any other applicable laws.

In addition to the foregoing and any other rights Seller has under the law in effect at the time of default, the following provisions shall apply:

(a) On Seller's demand, Buyer shall deliver possession of the Collateral to Seller at a place Seller designates reasonably convenient to both parties.

(b) Seller may enter any premises where the Collateral may be found and take possession of it without notice, demand, or legal proceedings, provided such entry is in compliance with law.

(c) Seller shall give Buyer at least ten (10) days written notice of any sale of the Collateral, which Buyer agrees to be reasonable notice. Notice shall be given at the address specified in this Contract or other such address as Buyer may specify in writing to Seller. Notice shall be effective when deposited in the mails, postage prepaid, addressed as provided above.

(d) Buyer agrees that it is liable for and will promptly pay any deficiency resulting from any disposition of the Collateral after default.

## 12. NO WRONGFUL POSSESSION.

Buyer agrees that if Seller repossesses the Collateral or otherwise obtains possession of it, Seller will not be in wrongful possession of any property contained in the Collateral or attached to it in which Seller does not have a security interest. Seller agrees to make any such property available for Buyer to take back at a place reasonably convenient to both parties.

## 13. VARIATIONS OF CONTRACT.

No provision of this Contract may be changed or amended unless by a written contract signed by Seller. Seller's acceptance of late payments does not mean that Seller is obligated to accept any late payments in the future. No waiver of any default shall operate as a waiver of any other default.

## 14. ENTIRE AGREEMENT – SEVERABILITY.

This Contract and the attached Exhibits and Addenda is the complete and exclusive statement of rights and duties between Seller and Buyer. If any provision is held unenforceable, it shall be deemed omitted without affecting the enforceability of the remaining provisions.

## 15. BAD CHECKS.

Whenever a check, draft or order given by or on behalf of Buyer for the purpose of payment of any obligation arising under this Contract has been dishonored for lack of funds or credit to pay the item, or because the account has been closed, or for any other reason, Seller or its assigns will assess and Buyer will promptly pay a $50 fee per dishonored item, or the maximum amount allowed by applicable law, if lower.

## 16. CROSS COLLATERAL.

Buyer grants to Seller and any assignee of Seller a security interest in the Collateral to secure the payment and performance of all obligations and liabilities of Buyer to Seller or to such assignee of Seller, now existing or hereafter arising, whether under this Contract or any other agreement and whether due directly or by assignment; provided, however, upon any assignment of the Contract by Seller, the assignee shall be deemed, for the purpose of this paragraph, the only party with a security interest in the Collateral.

## 17. TIME PRICE DIFFERENTIAL.

The parties agree that during the term of the Contract, the effective daily Time Price Differential ("TPD") shall be based on an interest rate equal to **6.4900**% percent per annum, accrued daily on the unpaid balance ("Buyer's Rate"). The TPD due each month shall be equal to the sum of the daily TPDs for the month. Based on the Buyer's Rate and assuming that all payments are timely made, the aggregate TPD will be **$23,256.95**. Early or late payments over the term of the Contract will cause the actual aggregate TPD, the Time Balance and the Total Time Sale Price to be different than disclosed. Any delay in payment could cause those amounts to be greater than disclosed, resulting in a larger

---

Page 4 of Security Agreement dated on or about February 09, 2021 between RSTZ Transport, Inc. (Buyer) and Hunter's Truck Sales & Service, Inc. (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XPBDP9X4LD682558.

CAT. NO. 1291A PENNSYLVANIA FSCS 11/2016                                    PRINTED Feb-08-2021 6:28 AM PT



## SECURITY AGREEMENT
## RETAIL INSTALLMENT CONTRACT

final or "balloon" payment. Early payments could cause those amounts to be less than disclosed, resulting in a smaller final or "balloon" payment or reduced number of payments. In no event shall Buyer be required to pay interest in excess of the maximum rate allowed by law of the state having jurisdiction over the transaction. The intention of the parties is to conform strictly to applicable state usury laws, which may reduce the Buyer's Rate to the maximum amount allowed under such usury laws now or hereafter in effect.

**18. FINANCIAL INFORMATION.**
Buyer agrees to furnish Seller promptly with any financial statements or other information which Seller may reasonably request from time to time. Any and all financial statements will be prepared on a basis of generally accepted accounting principles, and will be complete and correct and fairly present Buyer's financial condition as of the date thereof. Seller may at any reasonable time examine the books and records of Buyer and make copies thereof.

**19. CHATTEL PAPER.**
This Contract is to be sold only to PACCAR Financial Corp. and is subject to the security interest of PACCAR Financial Corp. The only copy of this Contract which constitutes "chattel paper" under the Uniform Commercial Code is the copy which is delivered to and held by PACCAR Financial Corp. No assignee or secured party other than PACCAR Financial Corp. will under any circumstances acquire any rights in, under or to this Contract or any sums due hereunder, except that PACCAR Financial Corp. may, by a separate written assignment signed by PACCAR Financial Corp., assign its interest received hereunder.

**20. PREPAYMENT.**
Buyer shall have the right to prepay all or part of the principal indebtedness due under this Contract at any time.

**21. MISCELLANEOUS.**

(a) This Contract shall be binding, jointly and severally, upon all parties described as the "Buyer" and their respective heirs, executors, representatives, successors and assigns and shall inure to the benefit of Seller, its successors and assigns.

(b) This Contract and any other evidence of the indebtedness given in connection herewith may be assigned by Seller to a third party without notice to Buyer and Buyer hereby waives any defense, counterclaim or cross-complaint by Buyer against any assignee, agreeing that Seller shall be solely responsible therefor.

(c) Buyer acknowledges receipt of a true copy of this Contract, and waives acceptance hereof.

(d) This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same agreement. A photocopy or electronic signed copy of any such counterpart shall have the same force and effect as an original (ink) signature.

**22. WAIVER OF JURY TRIAL.**
Except as otherwise provided by applicable law Buyer and Seller each waive any right to have a jury participate in resolving any dispute, whether sounding in contract, tort, or otherwise, between Buyer and Seller arising out of, connected with, related to or incidental to the relationship established between them in connection with this Contract or other instrument, document or agreement executed or delivered in connection therewith or the transactions related thereto. Buyer and Seller each hereby agree and consent that any such claim, demand, action or cause of action shall be decided by court trial without a jury and that either may file an original counterpart or a copy of this Contract with any court as written evidence of the consent of the parties hereto to the waiver of their right to trial by jury.

Page 5 of Security Agreement dated on or about February 09, 2021 between RSTZ Transport, Inc. (Buyer) and Hunter's Truck Sales & Service, Inc. (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XPBDP9X4LD682558.

CAT. NO. 1291A PENNSYLVANIA FSCS 11/2016                              PRINTED Feb-08-2021 6:28 AM PT



# SECURITY AGREEMENT
## RETAIL INSTALLMENT CONTRACT

**NOTICE - SEE ALL PAGES FOR IMPORTANT TERMS WHICH ARE PART OF THIS CONTRACT.**

**WARNING: LIABILITY INSURANCE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS NOT INCLUDED UNDER THIS CONTRACT.**

### NOTICE TO BUYER

1. **DO NOT SIGN THIS CONTRACT BEFORE YOU HAVE READ IT OR IF IT CONTAINS ANY BLANK SPACES.**
2. **YOU ARE ENTITLED TO AN EXACT COPY OF THE CONTRACT YOU SIGN.**
3. **KEEP THIS CONTRACT TO PROTECT YOUR LEGAL RIGHTS.**

SELLER:   Hunter's Truck Sales & Service, Inc.

BY DocuSigned by: *Nicki Thoma*
EDF2EB9FFA0D45D...

Nicki Thoma, Finance Coordinator
DATE:    February 09, 2021

BUYER:   RSTZ Transport, Inc.

BY DocuSigned by: *Richard W Bethune*
C2E84CA5D02846C...

RICHARD W BETHUNE, PRESIDENT
DATE:    February 09, 2021

---

Page 6 of Security Agreement dated on or about February 09, 2021 between RSTZ Transport, Inc. (Buyer) and Hunter's Truck Sales & Service, Inc. (Seller) which includes, without limitation, an item of collateral with the following Vehicle Identification Number: 1XPBDP9X4LD682558.

CAT. NO. 1291A PENNSYLVANIA FSCS 11/2016                                PRINTED Feb-08-2021 6:28 AM PT



# Electronic Title Copy

| Vehicle ID Number | Year | Make | Model | Body Style | Lic Plate | Reg Exp |
|---|---|---|---|---|---|---|
| 1XPBDP9X4LD682558 | 2020 | PTRB | [579]* | | | |

| Weight | New/Used | Title Number | Odometer | State | Date Issued |
|---|---|---|---|---|---|
| | | 770065283430079 | [0]* | GA | 02-20-2021 |

Full Name of Owner(s)
RSTZ TRANSPORT INC
4110 BALSAM BARK DR
CUMMING, GA 300283676

Liens(s)
PACCAR FINANCIAL CORP
[2180 Satellite Blvd #200
Duluth, GA 30097]*

Lien Date: 02-13-2021
ELT Number:
LTN.

* Information has been supplied by the lienholder, not the state titling agency.

Document ID: DBPJ7USYEX

**THIS IS NOT A TITLE**
This is an official Premier eTitleLien® Report
generated by a customer of DDI Technology.



*EXHIBIT "B"*

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing "Motion to Modify Automatic Stay and Waiver of Stay of Order Under Bankruptcy Rule 4001(a)(3)" and "Notice of Hearing" upon the following parties either electronically using the CM/ECF system or by depositing a copy of same in an envelope with adequate postage affixed thereon to ensure delivery by United States first-class mail:

> RSTZ Transport, Inc.
> 4110 Balsam Bark Drive
> Cumming, Georgia  30028
>
> Ian M. Falcone, Esq.
> The Falcone Law Firm, PC
> 363 Lawrence Street
> Marietta, Georgia  30060
>
> David S. Weidenbaum, Esq.
> Office of the United States Trustee
> Suite 362
> Russell Federal Building
> 75 Ted Turner Drive, SW
> Atlanta, Georgia  30303

This 21st day of February, 2025.

/s/ Thomas E. Austin, Jr.
Thomas E. Austin, Jr.