**IT IS ORDERED as set forth below:**



Date: March 17, 2025

_____
James R. Sacca
U.S. Bankruptcy Court Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 11 |
| RSTZ TRANSPORT INC | : | CASE NO.  25-20123 |
| Debtor. | : | |

### FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

WHEREAS, RSTZ TRANSPORT INC ("Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 USC § 101, et seq., (as amended, modified or supplemented, the "Bankruptcy Code") on January 31, 2025 (the Petition Date").

WHEREAS, Debtor filed and Motion to Authorize the Use of Cash Collateral (the "Motion"), wherein the Debtor sought authority to use Cash Collateral (as the term is defined by §363 of the Bankruptcy Code);

WHEREAS, the Motion came before the Court on a final hearing on March 13, 2025. In attendance were Debtor, Debtor's representative; Ian M. Falcone, Debtor's attorney; David Weidenbaum, the US Trustee's office; Vivieon Jones, counsel for Small Business Administration; Michelle Dudas, Riviera Finance lead counsel; and;

WHEREAS, in the Motion, the Debtor asserts that it requires the use of Cash Collateral to avoid immediate and irreparable harm and it will be unable to pay its normal operation expenses absent the use of cash collateral.

WHEREAS, the Motion asserted that the following parties (collectively, "Creditors") had a potential interest in Cash Collateral:

    a. Riviera Financial ($559,000.00) (wholly secured)
    b. US Small Business Administration ($20,045.00)(partially unsecured)

WHEREAS, No junior creditor should be considered secured by cash collateral.

WHEREAS, at the hearing, Debtor's counsel announced that the value of the Debtor's assets at the time of filing was approximately $586,962.48

WHEREAS, after hearing the proffer of Debtor's counsel, there is NOT sufficient cash collateral to satisfy all of the creditors secured by cash collateral.

WHEREAS, Debtor has proposed the following regarding the cash collateral:

Accordingly, it is hereby ORDERED AND ADJUDGED that:

(a) Debtor shall be authorized to use cash collateral as stated in this Order.

(b) Debtor is authorized to use the Cash Collateral in accordance with the budget attached to the Motion as Exhibit A ("Budget") or in an amount hereafter mutually agreed upon by the Parties or as modified by the Court. A 10% variance per each category, or the actual cost whichever is greater, listed on the Budget, except for "owner compensation" is permitted.

(c) The use of the cash collateral shall continue until one or more of the following events or conditions: (1) the conversion or dismissal of this Chapter 11 case, (2) the Debtor's failure to duly and punctually perform any of its obligations under this Order, or (3) this Order being amended, vacated, stayed, reversed or otherwise modified.

(d) As partial adequate protection to Creditors, for the Debtor's use of Cash Collateral, Creditors are hereby granted replacement liens on post-petition property of the same validity, extent, and priority and upon the same Cash

Collateral as each entity's pre-petition liens. Creditors shall not be required to file financing statements or other documents in any jurisdiction or take any other action in order to validate or perfect the security interests and liens granted pursuant to the provisions of this Order, and such security interests and liens shall be deemed automatically perfected upon entry of this Order. The security interests and liens granted herein shall secure an amount equal to the aggregate amount or value of the cash collateral used or consumed in which the entity has a valid perfected interest.

(e)    In addition, as adequate protection payments,

   1)    Debtor is to make post-petition monthly payments to U.S. Small Business Administration in the amount of $3,493 per month. Said payments are due beginning February 15, 2025 and continuing each month thereafter by the 15th day of each month. Said payments shall continue every month until such time as the Court modifies such payments, the parties otherwise agree in writing, or the Debtor's Plan of Reorganization is confirmed.

(f)    Nothing contained in this Order shall be deemed to constitute a finding with respect to the adequacy of the protection of the interests of any entity's use in cash collateral or a waiver by any entity of its right to seek additional relief or adequate protection from the Court, whether pursuant to a separate motion or otherwise. Nothing herein shall be deemed to constitute a waiver by any entity of its rights to seek other relief in this Chapter 11 case, including, without limitation, the right to move for relief from the automatic stay, to seek a dismissal or conversion of this Chapter 11 case, or to seek the appointment of a trustee or examiner.

(g)    Nothing herein shall be construed as or constitute a finding of the validity, extent, or priority of any security interest and liens. The Debtor specifically reserves the right to challenge the extent, validity, and priority of any and all security interests and liens asserted by and entity.

(h)    Promptly after entry of this Order, the Debtor shall serve a copy of this Order by first class mail to all creditors and parties in interest and file proof of such service within three days thereafter.

END OF DOCUMENT

Presented by:

/s/IAN M. FALCONE
Ian M. Falcone
Attorney for Debtor
GA Bar No: 254470
363 Lawrence Street
Marietta, GA 30060
770-426-9359
imf@falconefirm.com

DISTRIBUTION LIST

Ian M. Falcone
363 Lawrence Street
Marietta, GA 30060

David Weidenbaum
Office of the US Trustee
362 Richard Russell Bldg
75 Ted Turner Drive
Atlanta, GA 30303