# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

In re:

RSTZ TRANSPORT INC.,

Debtor.

Chapter 11
Case No. 25-20123-JRS

## STIPULATION AUTHORIZING AND DIRECTING DEBTOR TO PROVIDE ADEQUATE PROTECTION TO TRANS ADVANTAGE

RSTZ Transport Inc. (the "Debtor"), the debtor and debtor-in-possession in the above-captioned Chapter 11 case, and Trans Advantage, Inc. ("TAI" and together with Debtor, the "Parties"), a secured creditor and party in interest in Debtor's case, by and through their undersigned counsel, in order to avoid the costs and expense involved in litigating a motion (the "Motion") that would otherwise be filed by TAI to obtain the entry of an order (i) pursuant to Sections 361, 362, and 363(e) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 4001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), requiring adequate protection payments, or, alternatively, vacating the automatic stay for cause so that TAI may pursue its state law remedies to recover its Collateral (as defined below), hereby stipulate and agree as follows:

## FACTUAL STIPULATIONS

1. On or about May 24. 2019, Debtor entered into a Loan Agreement (contract #XXXX3191) (the "First Finance Agreement") with TAI in which Debtor financed the purchase of certain equipment in the amount of $140,985.00, *viz*. one (1) 2020 Peterbilt 579, VIN #/Serial Number 1XPBDP9X6LD676938, including all additions, replacements, accessions, accessories, attachments, substitutions, exchanges, improvements, repairs, parts, replacement parts, manuals and reference books, supplements, upgrades, thereto and thereof, however designated with any related software license(s), software, as may be modified, corrected, supplemented or enhanced from time to time, and the proceeds thereon, including any and all cash and non-cash proceeds from any source, including but not limited to insurance proceeds, (collectively, the "First Agreement Collateral").

2. Pursuant to the First Finance Agreement, Debtor granted TAI a security interest in the First Agreement Collateral and such security interest was thereafter perfected.

3. Pursuant to the First Finance Agreement, Debtor was required to tender to TAI, or any assignee thereof, monthly payments of $2,339.22 each, inclusive of principal and interest, for a period of seventy-two (72) consecutive months with the first such payment due July 10, 2019.

4. On or about September 3, 2020, Debtor and TAI entered into another Loan Agreement (contract #XXXX4277) ("Second Finance Agreement"), pursuant to which Debtor financed the purchase of certain equipment in the amount of $297,397.50, *viz.* one (1) 2020 Peterbilt 579, VIN #/Serial Number 1XPBDP9X0LD676935,[1] and one (1) 2020 Peterbilt 579 VIN #/Serial Number 1XPBDP9X8LD676939 including all additions, replacements, accessions, accessories, attachments, substitutions, exchanges, improvements, repairs, parts, replacement parts, manuals and reference books, supplements, upgrades, thereto and thereof, however designated with any related software license(s), software, as may be modified, corrected, supplemented or enhanced from time to time, and the proceeds thereon, including any and all cash and non-cash proceeds from any source, including but not limited to insurance proceeds, (collectively, the "Second Agreement Collateral").

5. Pursuant to the Second Finance Agreement, Debtor granted TAI a security interest in the Second Agreement Collateral and such security interest was thereafter perfected.

6. Pursuant to the Second Finance Agreement, Debtor was required to tender to TAI, or any assignee thereof, monthly payments of $5,753.88 each, inclusive of principal and interest, for a period of sixty (60) consecutive months with the first such payment due October 18, 2020.

7. On or about December 7, 2021, Debtor and TAI entered into another Loan Agreement (contract #XXXX5248) ("Third Finance Agreement"), pursuant to which Debtor financed the purchase of certain equipment in the amount of $230,380.10, *viz.* one (1) 2022 Western Star 5700, VIN #/Serial Number 5KJJBLD1XNLNL6739, including all additions, replacements, accessions, accessories, attachments, substitutions, exchanges, improvements, repairs, parts, replacement parts, manuals and reference books, supplements, upgrades, thereto and thereof, however designated with any related software license(s), software, as may be modified, corrected, supplemented or enhanced from time to time, and the proceeds thereon, including any and all cash and non-cash proceeds from

---

[1] VIN 1XPBDP9X0LD676935 was totalled in an accident, and insurance paid off this unit.

any source, including but not limited to insurance proceeds, (collectively, the "Third Agreement Collateral").

8. Pursuant to the Third Finance Agreement, Debtor granted TAI a security interest in the Third Agreement Collateral and such security interest was thereafter perfected.

9. Pursuant to the Third Finance Agreement, Debtor was required to tender to TAI, or any assignee thereof, monthly payments of $3,933.19 each, inclusive of principal and interest, for a period of seventy-two (72) consecutive months with the first such payment due January 10, 2022.

10. On or about May 4, 2022, Debtor and TAI entered into a Fourth Loan Agreement (contract # XXXX5600) ("Fourth Finance Agreement," and together with the First Finance Agreement, Second Finance Agreement, and Third Finance Agreement, the "Finance Agreements"), pursuant to which Debtor financed the purchase of certain equipment in the amount of $207,828.02, *viz*.: (i) Two (2) 2022 Kentucky FVCC-D, VIN #/Serial Numbers 1KKVE5323NL251771, and 1KKVE5325NL251772 including all additions, replacements, accessions, accessories, attachments, substitutions, exchanges, improvements, repairs, parts, replacement parts, manuals and reference books, supplements, upgrades, thereto and thereof, however designated with any related software license(s), software, as may be modified, corrected, supplemented or enhanced from time to time, and the proceeds thereon, including any and all cash and non-cash proceeds from any source, including but not limited to insurance proceeds (collectively, the "Fourth Agreement Collateral," and together with the First Agreement Collateral, Second Agreement Collateral, and Third Agreement Collateral, the "Collateral").

11. Pursuant to the Fourth Finance Agreement, Debtor granted TAI a security interest in the Fourth Agreement Collateral and such security interest was thereafter perfected.

12. Pursuant to the Fourth Finance Agreement, Debtor was required to tender to TAI, or any assignee thereof, monthly payments of $3,630.68 each, inclusive of principal and interest, for a period of seventy-two (72) consecutive months with the first such payment due June 6, 2022.

13. Since the commencement of Debtor's bankruptcy case on January 31, 2025 (the "Petition Date"), Debtor has failed to make some of the payments due under the Finance Agreements.

14. Debtor remains in possession of its assets, and the management of its property as a debtor-in-possession under sections 1107 and 1108 of the Bankruptcy Code.

15. Debtor desires to retain and use the remaining Collateral for its business operations.

16. As a result of the foregoing, Debtor and TAI, by their respective counsel, have engaged in negotiations over the appropriate adequate protection for Debtor's continued use of the Collateral. The parties wish to avoid the costs and expenses associated with litigating a motion for adequate protection or, alternatively, for relief from the automatic stay and, therefore resolve the such issue in accordance with the terms set forth below.

**NOW, THEREFORE**, **THE PARTIES HEREBY ACKNOWLEDGE AND AGREE, AS FOLLOWS:**

1. Debtor shall provide adequate protection to TAI by making monthly payments to TAI (the "Adequate Protection Payments") to be paid as follows:

   a) $1,933.56 with respect to the First Agreement Collateral,
   b) $2,384.29 with respect to the Second Agreement Collateral,
   c) $3,885.87 with respect to the Third Agreement Collateral.
   d) $3,580.07 with respect to the Fourth Agreement Collateral

2. Adequate Protection Payments hereafter shall be due on the fifteenth (15th) of each month beginning April 2025 and shall continue each month thereafter until the earlier of: (i) the entry of an order by the Bankruptcy Court confirming a Chapter 11 plan; (ii) the dismissal of Debtor's Chapter 11 case; (iii) the conversion of Debtor's Chapter 11 case to one under Chapter 7 of the Bankruptcy Code; or (iv) payment in full of TAI claims

3. Debtor shall maintain adequate insurance for the above-referenced Collateral, name TAI as loss payee and additional insured, and shall provide TAI, through counsel, with proof of such insurance coverage upon its request.

4. Upon the Debtor's failure to make any of the Adequate Protection Payments when due pursuant to this Stipulation and/or failure to provide proof upon demand evidencing that adequate insurance is being maintained with respect to the Collateral (each instance being a "Default"), and if such Default shall persist for five (5) business days after providing written notice of the alleged default to Debtor, TAI shall be entitled, in its sole discretion, to file a Declaration of Default in Debtor's bankruptcy case and a proposed order granting TAI relief from the automatic stay. Debtor waives any potential objection to the Declaration of Default and entry of the proposed stay relief order other than an objection on the grounds that it was not actually in default of this Stipulation. Upon entry of such stay relief order, TAI shall then be entitled to exercise any and all rights and remedies as a secured creditor under applicable non-bankruptcy law with respect to the recovery of the Collateral and Debtor shall cooperate with any and all reasonable requests regarding the surrender of the Collateral.

5.	Except as modified by this Stipulation or otherwise agreed by the Parties hereto, all other terms of the Finance Agreements and related documents, remain in effect, including, without limitation, all provisions related to late fees, collection expenses, attorneys' fees, insurance, indemnification, taxes, and limitations of warranties. The terms of this Stipulation shall be binding upon all of the successors and assigns of TAI and Debtor, including any trustee or examiner appointed to operate, investigate or liquidate the debtor under Chapter 11 or in a converted Chapter 7 bankruptcy case.  Any and all modifications to this agreement must be in a writing signed by both parties hereto.

Dated: April 10, 2025

| THE FALCONE LAW FIRM, P.C. | THOMPSON COBURN LLP |
|---|---|
| Attorneys for Debtor | Attorneys for Trans Advantage |

By: /s/*Ian M. Falcone*			By:	/s/*Brian W. Hockett*
    Ian M. Falcone, Esq.			Brian W. Hockett, Esq.
    363 Lawrence Street			One US Bank Plaza
    Marietta, Georgi 30060			ST. Lois, MO 63101
    (770) 426-9359				(314)552-6461
    imf@falconefirm.com			bhockett@thompsoncoburn.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | : |
| | :    CHAPTER 11 |
| RSTZ TRANSPORT INC | :    CASE NO.  25-20123 |
| Debtor. | : |

### CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing **STIPULATION**, using the Bankruptcy Court's Electronic Case Filing program, which sends a notice and an accompanying link to this document to the parties who are registered to receive service via the CM/ECF system.

This 10th day of April 2025

                                     */s/ IAN M. FALCONE*
                                     Ian M. Falcone
                                     Georgia Bar No. 254470
                                     Attorney for Debtor

The Falcone Law Firm, P.C.
363 Lawrence Street
Marietta, GA  30060
(770) 426-9359
Imf@falconefirm.com