IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CASE NO.: 25-20123-jrs |
| RSTZ TRANSPORT INC., | : |
| | : CHAPTER 11 |
| Debtor. | : |
| | : |

**STIPULATED MOTION FOR
ADEQUATE PROTECTION**

This matter comes before the Court upon the stipulation and consent of the Debtor RSTZ Transport Inc. (the "Debtor"), and with the consent of The Huntington National Bank ("HNB") to the following representations and findings in the above-captioned matter:

**JURISDICTION**

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157 and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334.

2. This is a non-contested matter brought pursuant to 11 U.S.C. §§ 361, 362(d).

3. The Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on January 31, 2025 (the "Petition Date"), and the Debtor continues to operate as a debtor-in-possession.

**FACTS AND BASIS FOR REQUESTED RELIEF**

4. First Financial LLC ("First Financial") extended a commercial loan to the Debtor to finance the purchase of one (1) 2023 Peterbilt 579 Sleeper Truck, VIN No. 1XPBD49XXPD830099 (the "Vehicle"). In connection with this loan, Debtor entered into a Commercial Finance Agreement with First Financial in the principal amount of $202,635.00 dated September 8, 2022 (the "Agreement"). Pursuant to the Agreement, Debtor granted a security

WBD (US) 4867-1354-6417

interest in the Vehicle to First Financial. A true and accurate copy of the Agreement is attached hereto as **Exhibit A** and incorporated herein.

5. On or about September 8, 2022, First Financial assigned its interest in the loan to Huntington (the "Notice of Assignment"). A true and correct copy of the Notice of Assignment is attached hereto as **Exhibit B** and incorporated herein.

6. Huntington perfected its security interest in the Vehicle by recording its lien on the Certificate of Title with the Georgia Motor Vehicle Division. A true and accurate copy of the Certificate of Title is attached hereto as **Exhibit C** and incorporated herein.

7. Huntington filed a proof of claim in the amount of $137,593.46.

8. After the Petition Date, the Debtor and HNB agreed to the following terms:

   a. Beginning in April 2025 and continuing each and every month through the Effective Date of the Debtor's Plan, the Debtor shall pay $1,992.80 in good and sufficient funds on or before the last day of each month as adequate protection to Huntington for the use of the Collateral;

   b. The Debtor shall maintain hazard and collision insurance on the Collateral for an amount sufficient to pay Huntington's claim in full and such insurance policy shall name Huntington as the loss payee; and

   c. The Debtor shall pay all post-petition adequate protection arrearages at Confirmation in accordance with the Plan.

9. In the event the Debtor fails to comply with the conditions for adequate protection set forth herein, Huntington shall file with this Court and also provide written notice of default to Debtor, via email to Debtor's counsel, and the Debtor shall have ten (10) calendar days from the date of such written notice to cure the default.

10. If the Debtor fails to cure the default within the allowed time or if the Debtor subsequently fails to comply with the conditions for adequate protection after having previously received and cured two (2) written notices of default from Huntington, upon the filing of the third (3rd) notice of default, Huntington shall file a certificate of non-compliance with the Court and such certificate of non-compliance shall serve as the order modifying the automatic stay to allow Huntington to repossess and recover the Collateral or schedule a hearing for such relief. Upon the modification of the automatic stay, the Debtor shall turn over the Collateral to Huntington.

11. The Debtor consents to the Order and the conditions for adequate protection contained herein.

12. Based on the foregoing, Huntington is entitled to adequate protection upon the terms and conditions set forth herein.

13. Because of the depreciating nature of the Collateral and with there being no adequate protection previously provided to Huntington, sufficient cause exists to waive the requirements of Rule 4001 such that this order providing adequate protection to Huntington will be effective upon entry by the Court.

WHEREFORE, Huntington prays for the Court to grant the following relief:

1. That the Motion for adequate protection to Huntington be granted, subject to the following terms and conditions;

    b. Beginning in April 2025 and continuing each and every month through the Effective Date of the Debtor's Plan, the Debtor shall pay $1,992.80 in good and sufficient funds on or before the last day of each month as adequate protection to Huntington for the use of the Collateral;

WBD (US) 4867-1354-6417

    c. The Debtor shall maintain hazard and collision insurance on the Collateral for an amount sufficient to pay Huntington's claim in full and such insurance policy shall name Huntington as the loss payee; and

    d. The Debtor shall pay all post-petition adequate protection arrearages at Confirmation in accordance with the Plan.

2. In the event the Debtor fails to comply with the conditions for adequate protection set forth herein, Huntington shall file with this Court and also provide written notice of default to Debtor, via email to Debtor's counsel, and the Debtor shall have ten (10) calendar days from the date of such written notice to cure the default; and

    a. If the Debtor fails to cure the default within the allowed time or if the Debtor subsequently fails to comply with the conditions for adequate protection after having previously received and cured two (2) written notices of default from Huntington, upon the filing of the third (3rd) notice of default, Huntington shall file a certificate of non-compliance with the Court and such certificate of non-compliance shall serve as the order modifying the automatic stay to allow Huntington to repossess and recover the Collateral or schedule a hearing for such relief. Upon the modification of the automatic stay, the Debtor shall turn over the Collateral to Huntington.

3. That the requirements of Rule 4001(a)(3) shall be, and hereby are, waived such that the order providing adequate protection to HNB will be effective upon entry by the Court.

WE CONSENT:


/s/ Eudora Arthur
Eudora F. S. Arthur
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC
Telephone: (919) 755-2178
Dorie.arthur@wbd-us.com

*Pro Hac Vice, Attorneys for Huntington National Bank*

/s/ Arthur A. Ebbs
Arthur A. Ebbs
WOMBLE BOND DICKINSON (US) LLP
GA State Bar No. 416181
1331 Spring Street NW
Suite 1400
Atlanta, Georgia 30309
Telephone: (404) 872-7000
Email: arthur.ebbs@wbd-us.com

*Local Counsel, Attorneys for Huntington National Bank*


/s/ Ian M. Falcone
Ian M. Falcone
THE FALCONE LAW FIRM, P.C.
GA State Bar No. 254470
363 Lawrence Street
Marietta, GA 30060
(770) 426-9359
imf@falconefirm.com

*Attorney for the Debtor*

5

WBD (US) 4867-1354-6417

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed using the Court's CM/ECF system which will automatically provide electronic service to all counsel of record.

This the 17<u>th</u> day of April, 2025.

                                          /s/ Arthur A. Ebbs
                                          Arthur A. Ebbs
                                          WOMBLE BOND DICKINSON (US) LLP
                                          GA State Bar No. 416181
                                          1331 Spring Street NW
                                          Suite 1400
                                          Atlanta, Georgia 30309
                                          Telephone: (404) 872-7000
                                          Email: arthur.ebbs@wbd-us.com