IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| RSTZ TRANSPORT INC | CASE NO. 25-20123-JRS |
| Debtor. | |

### DEBTOR'S PLAN OF REORGANIZATION
### DATED MAY 30, 2025

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of RSTZ TRANSPORT INC (the "Debtor") from the operation of its business, an over the road trucking company. This Plan provides for 20 classes of secured claims; 1 class of unsecured claims, and 1 class of equity holders. This Plan provides for the payment of administrative claims. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 100% cents on the dollar.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

2.01    Administrative Claims:    Costs and expenses of administration as defined in the Bankruptcy Code for which application for or allowance is filed prior to the Effective Date, as the same are allowed, approved and ordered paid by the Court and United States Trustee fees.

2.02    Priority Claims:    NONE

2.03    Class 1:    A: The secured claim of Apex Commercial Capital for Truck 810 (VIN ending 6392)

|      |           |                                                                                                                                                 |
|------|-----------|-------------------------------------------------------------------------------------------------------------------------------------------------|
|      |           | B: The secured claim of Apex Commercial Capital for Trailer 5361 (VIN ending 8272)                                                              |
| 2.04 | Class 2:  | The secured claim held by Bank of America for Trailer 5366 (VIN ending 0246)                                                                    |
| 2.05 | Class 3:  | The secured claim held by Daimler Truck Finance for Trailer 806 (VIN ending 5740), Trailer 807 (VIN ending 5092), and Trailer 813 (VIN ending 2881) |
| 2.06 | Class 4:  | The secured claim held by Flagstar Financial and Leasing for Trailer 5345 (VIN ending 0002)                                                     |
| 2.07 | Class 5:  | The secured claim held by Flagstar Financial and Leasing for Trailer 5346 (VIN ending 2791)                                                     |
| 2.08 | Class 6:  | The secured claim held by Flagstar Financial and Leasing for Trailer 788 (VIN ending 6879)                                                      |
| 2.09 | Class 7:  | The secured claim held by Huntington National Bank for Trailer 811 (VIN ending 0099)                                                            |
| 2.10 | Class 8:  | The secured claim held by Mitsubishi HC Capital for Trailer 5356, trailer 5357, and Trailer 5358 (contract number ending 6899)                  |
| 2.11 | Class 9:  | A: The secured claim of Navitas Credit Group for Trailer 5353, trailer 5354, and Trailer 5355 (contract number ending 6160)                     |
|      |           | B: The secured claim of Navitas Credit Group for Trailer 5362 (VIN ending 0008), and Trailer 5363 (VIN ending 0010)                             |
|      |           | C: The secured claim of Navitas Credit Group for Trailer 5364 (VIN ending 8251), and Trailer 5365 (VIN ending 8239)                             |
| 2.12 | Class 10: | The secured claim of Paccar Financial Group for Truck 795 (VIN ending 2558)                                                                     |
| 2.13 | Class 11: | The secured claim of Pawnee Leasing for Truck 812 (VIN ending 6857)                                                                             |
| 2.14 | Class 12: | The secured claim of PNC Bank for Trailer 5349 (VIN ending 2790)                                                                                |
| 2.15 | Class 13: | The secured claim of QFS Capital LLC                                                                                                            |
| 2.16 | Class 14: | The secured claim of Riviera Finance of Texas Inc                                                                                               |
| 2.17 | Class 15: | The secured claim of The Smarter Merchant                                                                                                       |

| | | |
|---|---|---|
| 2.18 | Class 16: | A: The secured claim of Trans Advantage for Truck 785 (VIN ending 6938) |
| | | B: The secured claim of Trans Advantage for Truck 790 (VIN ending 4277) |
| | | C: The secured claim of Trans Advantage for Truck 803 (VIN ending 6739) |
| | | D. The secured claim of Trans Advantage for Trailer 5359 (VIN ending 1771), and Trailer 5360 (VIN ending 1772) |
| 2.19 | Class 17: | The secured claim of Trio Capital for the 2006 Nissan Forklift |
| 2.20 | Class 18: | The secured claim of Univest Capital for Truck 814 (VIN ending 1720) |
| 2.21 | Class 19: | The secured claim of US Small Business Administration |
| 2.22 | Class 20: | The secured claim of Wikinger II |
| 2.23 | Class 21: | Allowed general unsecured claims. |
| 2.24 | Class 22: | The interests of the Equity holders in property of the estate. |

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

Administrative claims which have been allowed by the Court related to expenses of the Chapter 11 proceeding and are granted a priority to distribution. These claims include all priority claims contemplated by U.S.C.A. § 507(a)(1) and § 507(a)(2), including attorneys' fees for which no application has been made and which the Court approves as part of the Plan before payment; all the United States Trustee's fees; and all costs and expenses of administration as defined in the Bankruptcy Code for which application, allowance or a claim is filed prior to the Effective Date of the Plan, as allowed, approved, or ordered paid by the Bankruptcy Court. Any administrative claims existing at the time of the effective date of the plan shall be paid through income earned through operation of the business.

3.02    Priority Tax Claims. Priority tax claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. There are no priority claims in this matter.

3.03    United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01    Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – *Secured claim of*: Apex Commercial Capital<br><br>A: Truck 810<br>VIN ending 6392<br>FMV: 30,000<br><br>B: Trailer 5361<br>VIN ending 8272<br>FMV: 75,000.<br><br>Total Claim: $91,777.00 | IMPAIRED | Debtor will make regular payments under the current terms and conditions of the note. No changes will be made. Current payment is $2,298.00 per month until this vehicle is paid in full<br><br>Debtor will restructure the claim as follows: Debtor will make monthly payments of $1,905.14 based on the claim amount of $91,777.00 at 9% interest amortized over 60 months. |
| Class 2- *Secured claim of*: Bank of America<br><br>Trailer 5366<br>VIN ending 0246<br>FMV: $75,000.<br><br>Total claim: $ 103,768.78 | IMPAIRED | Debtor will restructure the claim as follows: Debtor will make monthly payments of $1866.38 based on the FMV amount at 9% interest amortized over 48 months.<br><br>Any unsecured portion of the claim will be included in Class 21 and treated as a claim in the class. |

| | | |
|---|---|---|
| Class 3-<br>*Secured claim of*:<br>Daimler Truck Finance<br><br>Trailer 806<br>VIN ending 6740<br>FMV: $200,000.<br><br>Trailer 807<br>VIN ending 5092<br>FMV: $200,000.<br><br>Trailer 813<br>VIN ending 2881<br>FMV: $225,000.<br><br>Total claim:<br>$ 600,690.24 | IMPAIRED | Debtor will restructure the claim as follows: Debtor will make monthly payments of $12,469.34 based on the total claim amount of $600,690.24 at 9% interest amortized over 60 months. |
| Class 4-<br>*Secured claim of*:<br>Flagstar Financial & Leasing<br><br>Trailer 5345<br>VIN ending 0002<br>FMV: $40,000.<br><br>Total claim:<br>$ 15,876.89 | IMPAIRED | Debtor will restructure the claim as follows: Debtor will make monthly payments of $316.86 based on the claim amount of $15,876.89 at 7.33% interest amortized over 60 months. |

| | | |
|---|---|---|
| Class 5-<br>Secured claim of:<br>Flagstar Financial & Leasing<br><br>Trailer 5346<br>VIN ending 2791<br>FMV: $40,000.<br><br>Total claim:<br>$ 28,771.52 | IMPAIRED | Debtor will restructure the claim as follows:<br>Debtor will make monthly payments of $579.67 based on the claim amount of $28,771.52[1] at 7.73% interest amortized over 60 months |
| Class 6-<br>Secured claim held by Flagstar Financial & Leasing<br><br>Truck 788<br>VIN ending 6879<br>FMV: $90,000<br><br>Total claim:<br>$ 83,582.61 | IMPAIRED | Debtor will restructure the claim as follows:<br>Debtor will make monthly payments of $1,660.97 based on the claim amount of $83,582.61 at 7.15% interest amortized over 60 months. |
| Class 7-<br>Secured claim held by Huntington National Bank<br><br>Truck 811<br>VIN ending 0099<br>FMV: $137,593.46<br>(per creditor's proof of claim)<br><br>Total claim:<br>$ 137,593.46 | IMPAIRED | Debtor will restructure the claim as follows:<br>Debtor will make monthly payments of $2,856.21 based on the claim amount of $137,593.46 at 9% interest amortized over 60 months. |

---

[1] Flagstar Financial & Leasing filed a proof of claim (No. 8) in the amount of $73, 771.52 but has since been paid $45,000 from the sale of one of the vehicles, thereby reducing the claim to $28,771.52).

| | | |
|---|---|---|
| Class 8- Secured claim held by Mitsubishi HC Capital<br><br>Trailers 5356, 5357, 5358<br>Contract *6899<br>FMV: $195,000<br><br>Total claim:<br>$ 182,673.71 | IMPAIRED | Debtor will restructure the claim as follows: Debtor will make monthly payments of $3,790.01 based on the claim amount of $182,673.71 at 9% interest amortized over 60 months. |
| Class 9- Secured claim held by Navitas Credit Group<br><br>A: Trailers 5353, 5354, 5355<br>Contract #6160<br>FMV: $150,000<br><br>B: Trailers 5362 & 5363<br>VIN ending 0008/0010<br>FMV: $150,000<br><br>C: Trailers 5364 & 5365<br>VIN ending 8251/8239<br>FMV: $30,000<br><br>Amount of claim: $251,289.60 | IMPAIRED | Debtor will restructure the claim as follows: Debtor will make monthly payments of $5,216.36 based on the claim amount of $251,289.60 at 9% interest amortized over 60 months. |

| | | |
|---|---|---|
| Class 10:<br>*Secured claim of*:<br>Paccar Financial Group<br><br>Truck 795<br>VIN ending 2558<br>FMV: $40,000.<br><br>Total claim:<br>$ 42,697.59 | IMPAIRED | Debtor will restructure the claim as follows: Debtor will make monthly payments of $1,300.00 based on the claim amount of $42,697.59 at 6.49% interest amortized over 37 months. |
| Class 11:<br>*Secured claim of*:<br>Pawnee Leasing<br><br>Truck 812<br>VIN ending 6857<br>FMV: $130,000.<br><br>Total claim:<br>$ 189,612.72 | UNIMPAIRED | Debtor will make regular payments under the current terms and conditions of the Agreement. No changes will be made. Current payments are $4,058.18 per month |
| Class 12:<br>*Secured claim of*:<br>PNC Bank<br><br>Trailer 5349<br>VIN ending 2790<br>FMV: $50,000.<br><br>Total claim:<br>$ 39,334.00 | IMPAIRED | Debtor will restructure the claim as follows: Debtor will make monthly payments of $802.27 based on the claim amount of $39,334.00 at 8.25% interest amortized over 60 months. |
| Class 13:<br>*Secured claim of*:<br>QFS Capital LLC<br><br>Accounts Receivable<br><br>Total claim:<br>$260,638.76 | IMPAIRED | This claim is unsecured. The total amount of this claim will be included in Class 21 and treated as a claim in that class. |

| | | |
|---|---|---|
| Class 14:<br>*Secured claim of:*<br>Riviera Finance of Texas Inc<br><br>Accounts Receivables<br><br>Total claim:<br>$ 481,541.05 | UNIMPAIRED | Debtor will make regular payments under the current terms and conditions of the Agreement. No changes will be made. |
| Class 15:<br>*Secured claim of:*<br>The Smarter Merchant<br><br>Accounts Receivables<br><br>Total claim:<br>$ 27,325.00 | IMPAIRED | This claim will be treated as fully unsecured. The total amount of the claim will be included in Class 21 and treated as a claim in the class. |

| | | |
|---|---|---|
| Class 16:<br>*Secured claim of:*<br>Trans Advantage<br><br>A: Truck 785<br>VIN ending 6938<br>FMV: $ 30,000.<br>Amt of Claim: $36,062.38<br><br>B: Truck 790<br>Contract 4277<br>FMV: $35,000.<br>Amt of Claim: $42,137.99<br><br>C: Truck 803<br>VIN ending 6739<br>FMV: $190,000<br>Amt of Claim: $153,521.26<br><br>D: Trailer 5359 & 5360<br>VIN ending 1771 and 1772<br>FMV: $180,000<br>Amt of Claim: $154,835.40<br><br>Total Claim amount: $386,557.03 | IMPAIRED | Debtor will restructure the claim as follows: Debtor will make monthly payments of $1,898.46 based on the claim amount at 5.95% interest amortized over 20 months.<br><br>Debtor will restructure the claim as follows: Debtor will make monthly payments of $2,218.31 based on the claim amount at 5.95% interest amortized over 20 months.<br><br>Debtor will restructure the claim as follows: Debtor will make monthly payments of $3,669.84 based on the claim amount at 5.95% interest amortized over 47 months.<br><br>Debtor will restructure the claim as follows: Debtor will make monthly payments of $3,515.04 based on the claim amount at 7.75% interest amortized over 52 months. |
| Class 17:<br>*Secured claim of:*<br>Trio Capital<br><br>2006 Nissan Forklift<br><br>Total claim: $ 9,918.24 | UNIMPAIRED | Debtor will make regular payments under the current terms and conditions of the Agreement. No changes will be made. Current payment is $675.00 per month. |

| | | |
|---|---|---|
| Class 18:<br>*Secured claim of:*<br>Univest Capital<br><br>Truck 814<br>VIN ending 1720<br>FMV: $135,000<br>(per creditor's proof of claim)<br><br>Total claim:<br>$ 153,487.40 | IMPAIRED | Debtor will restructure the claim as follows: Debtor will make monthly payments of $2,802.38 based on the FMV of $135,000 at 9% interest amortized over 60 months.<br><br>Any unsecured portion of the claim will be included in Class 21 and treated as a claim in the class. |
| Class 19:<br>*Secured claim of:*<br>US Small Business Administration<br><br>Blanket Lien<br><br>Total claim:<br>$ 710,050.82 | UNIMPAIRED | Debtor will make regular payments under the current terms and conditions of the Agreement. No changes will be made. Current payment is $3,493.00 per month |
| Class 20:<br>*Secured claim of:*<br>Wikinger II LLC<br><br>Land Lease | UNIMPAIRED | Debtor will make regular payments under the current terms and conditions of the Agreement. No changes will be made. Current payment is $10,420.00 per month |
| Class 21-<br>General Unsecured Class | IMPAIRED | Debtor shall pay the General Unsecured Creditors monthly payments of $10,046.04 commencing on the 1st day of the first full month immediately following the Effective Date and continuing every month for 60 months. Each creditor in this class will be paid a pro-rata share of a total payout amount. There shall be no interest paid on these claims. |

  A failure by the reorganized Debtor to make a payment to a creditor pursuant to the terms of the Plan shall be an event of default for that specific creditor. If the reorganized Debtor fails to cure an event of default as to payments to the specific creditor within ten (10) days after the date of a written notice of default by the creditor to the Debtor, then the creditor may: (a) accelerate the remaining balance due under the Plan; and/or (b) exercise any and all rights under any loan

documents held by such a creditor and/or under applicable state law without any need to seek approval of the Bankruptcy Court.

LIEN RELEASE UPON PAYMENT: Upon full payment to each secured creditor identified in this plan, the lien shall be deemed satisfied and released. The creditor shall take all steps necessary to file a release within thirty (30) days of final payment.

*The interests of the Equity Interest Holders*

Except as may be expressly provided otherwise in the Plan, upon confirmation the Debtors will retain all of the property of the estate free and clear of all liens, claims, and encumbrances not expressly retained by creditors. The Debtor will retain all of the rights, powers, and duties of debtor in possession under the Bankruptcy Code.

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed.

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan (or at such date as previously ordered by this Court) as provided in Article VIII:

**Riviera Finance of Texas, Inc.**
**Wikinger II LLC**
**Leaf Capital Funding, LLC (copier lease)**

(b)    The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, including but not limited to:

**The Smarter Merchant**
**QFS Capital LLC**

A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## ARTICLE VII
## MEANS FOR IMPLEMENTATION OF THE PLAN

Debtor will be using funds generated from operations of the business, an over the road trucking company. Richard Bethune, its current owner/president will remain in control of operations.

## ARTICLE VIII
## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan. The following terms, when used in the Plan, unless the context otherwise requires, have the following meanings:

Allowed Claim shall mean a claim (i) in respect of which a proof of claim has been filed with the Court within the period of limitation fixed by Federal Rule of Bankruptcy Procedure 3001 or (ii) scheduled in the list of creditors prepared and filed with the Court pursuant to Rule 1007(b) and not listed as disputed, contingent or un-liquidated as to amount, in either case as to which no objection to the allowance thereof has been raised within any applicable period of limitation fixed by Rule 3001 or an order of the Court, or as to which any such objection has been determined by an order or judgment which is no longer subject to appeal or certiorari proceeding and as to which no appeal or certiorari proceeding is pending.

Allowed Priority Claim shall mean an Allowed Claim entitled to priority under 11 U.S.C. § 507.

Allowed Secured Claim shall mean an Allowed Claim secured by a lien, security interest or other charge against or interest in property in which the Debtor has an interest, or which is subject to setoff under Section 553 of the United States Bankruptcy Code (the "Code"), to the extent of the value (determined in accordance with Section 506(a) of the Code) of the interest of

the holder of such Allowed Claim in the Debtor's interest in such property or to the extent of the amount subject to such setoff, as the case may be.

Allowed Unsecured Claim shall mean an Allowed Claim which is not secured in the manner of an allowed secured claim.

Chapter 11 shall mean Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 1101 *et seq.*

Claim shall mean any right to payment, or right to an equitable remedy for breach of performance if such breach gives rise to right of payment, against Debtor in existence on or as of January 31, 2025, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, un-liquidated, fixed, contingent, matured, un-matured, disputed, undisputed, legal, secured or unsecured.

Class shall mean any class into which Allowed Claims are classified pursuant to Article II.

Confirmation of The Plan shall mean the date on which an order by the Court becomes final confirming the Plan in accordance with Chapter 11.

Court shall mean the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division.

Debtor shall mean RSTZ Transport Inc prior to and subsequent to the filing of the Chapter 11 petition initiating this reorganization case.

Plan shall mean the Debtor's Plan of Reorganization filed with the Court on **May 30, 2025**

8.02    Effective Date of The Plan shall mean the date thirty (30) days after the date of confirmation of the Plan. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

8.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Georgia govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

# ARTICLE IX
## MISCELLANEOUS PROVISIONS

9.01    Debtor shall not be required to make any deposit for payment of Class I costs and expenses until the dates provided for payment of same are allowed by the Court.

9.02    Debtor shall not be required to make any deposit of payment of any claims in excess of the amount of liabilities admitted by Debtor.

9.03    Debtor shall not make any distribution of the funds to any particular creditor until the amount owed to the particular creditor equals or exceeds $15.00 or until the payments will result in final payment to the creditor under the Plan. Payments to creditors are to be made by the 1st of each month.

9.04    Until all claims have been allowed and all disputes have been resolved, the Court will retain jurisdiction for, including, but not limited to, the following purposes:

(a)    The classification of the claim of any creditor and the re-examination of claims which have been allowed for purposes of voting, and the determination of such objections as may be filed to claims. The failure by the Debtor to object to any claim for the purposes of voting shall not be deemed to be a waiver of the Debtor's right to object to, or re-examine, the claim in whole or in part.

(b)    Determination of all questions and disputes regarding title to, security interests in, and liens against, the assets of the debtor, and determination of all causes of action, controversies, disputes, or conflicts, whether or not subject to an action pending as of confirmation between the Debtor or Debtor-in-Possession and any other party including, but not limited to, any right of the Debtor and/or Debtor-in-Possession to recover assets and money pursuant to the provisions of Title 11 of the United States Code.

(c)    The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or the Order of Confirmation, as may be necessary, to carry out the purposes and intent of this Plan.

(d)    The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

(e)    The enforcement and interpretation of the terms and conditions of this Plan.

(f)    Entry of any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms and conditions on such title, rights and powers as this Court may deem necessary.

(g)    The Debtor may propose amendments to or modifications of this Plan at any time prior to confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

9.05　A failure by the reorganized Debtor to make a payment to an unsecured creditor pursuant to the terms of the Plan shall be an event of default for that specific creditor. If the reorganized Debtor fails to cure an event of default as to payments to the specific creditor within ten (10) days after the date of a written notice of default by the creditor to the Debtor, then the creditor may: (a) accelerate the remaining balance due under the Plan; and/or (b) exercise any and all rights and remedies it may have under any loan documents held by such creditor and under applicable state law without any need to seek approval from the Bankruptcy Court.

## ARTICLE X
## DISCHARGE

<u>Discharge.</u> On the effective date of the Plan, the Debtor shall be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor shall not be discharged of any debt (i) imposed by the Plan, (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure, or (iii) of a kind specified in § 1141(d)(6)(B). After the effective date of the Plan your claims against the Debtor will be limited to the debts described in clauses (i) through (iii) of the preceding sentence.

## ARTICLE XI
## REQUEST FOR CONFIRMATION PURSUANT TO §1129(B)

In the event that all requirements for confirmation are met except for the provisions of §1129(a)(8) of the Bankruptcy Code, the Debtor requests that the Plan be confirmed pursuant to §1129(b) of the Bankruptcy Code.

Presented by:

*/s/ Ian M. Falcone*
Ian M. Falcone
Attorney for Debtor
Georgia Bar No. 254470

THE FALCONE LAW FIRM, P.C.
363 Lawrence Street
Marietta, GA  30060
770-426-9359
imf@falconefirm.com