IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| RSTZ TRANSPORT INC | : CASE NO. 25-20123-jrs |
| Debtor. | : |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that Debtor, by and through its attorney, has filed a ***Motion*** **To Sell 2020 Peterbilt 389 Sleeper Tractor Free And Clear Of Liens Pursuant To 11 § U.S.C 363** *(THE "Motion")* and related papers with the Court seeking an order **approving the sale.**

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion at **10:30 A.M.** on the **10th day of July 2025** in Courtroom **103**, United States Courthouse, 121 Spring Street, Gainesville, GA 30501, which may be attended in person or via the Court's Virtual Hearing Room. You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing. You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise. Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written

response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how, and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, 121 Spring Street SE, Room 120, Gainesville, GA 30501. You must also mail a copy of your response to the undersigned at the address stated below.

This 2 day of June 2025

Submitted by:

/s/ IAN M. FALCONE
Ian M. Falcone
GA BAR NO. 254470
Attorney for Debtor

THE FALCONE LAW FIRM, PC
363 Lawrence Street
Marietta, GA 30060
770-426-9359
imf@falconefirm.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | : |
| | :    CHAPTER 11 |
| RSTZ TRANSPORT INC | :    CASE NO.  25-20123-jrs |
|                   Debtor. | : |

*Motion* **To Sell**
**2020 Peterbilt 389 Sleeper Tractor**
**Free And Clear of Liens Pursuant To 11 § U.S.C 363**

COMES NOW, RSTZ TRANSPORT INC, Debtor in possession, by and through its attorney and files this Motion for Approval to Sell the **2020 Peterbilt 389 Sleeper Tractor** pursuant to 11 § U.S.C 363 ("Motion "), states and alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this Motion pursuant to 28 USC §§ 157 and 1334. Venue is proper before this Court pursuant to 28 USC §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 USC §157(b)(2). The statutory predicate for the relief sought in this Motion is §363(b) and (f) of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") as contemplated by Rule 6004 of the Federal Rules of Bankruptcy Procedure.

**Background- The Chapter 11 Case**

2. This Debtor commenced its Chapter 11 case on January 31, 2025.
3. The Debtor is operating its business and managing its affairs as a debtor-in-possession under 11 USC § § 1107 and 1108.
4. Debtor is a Georgia corporation and operates an over-the-road trucking business (the "Business").  Debtor's President, Richard Bethune, operates the Business.
5. No Trustee, examiner or creditors committee has been appointed in the Debtor's

Chapter 11 case.

6. The Debtor seeks authority to sell its interest in a **2020 Peterbilt 389 Sleeper Tractor** with VIN 1XPXD49X5LD686879 (the "Asset(s)")

7. Flagstar Financial & Leasing ("Lender") currently has a lien against this Asset for an amount not less than $83,582.61 (Per POC 9)

8. The Debtor has determined that it is in the best interest of the Debtor's estate to sell the Asset(s)s.

### The Proposed Sale

9. The Debtor seeks approval to sell the Asset(s).

10. The Asset(s) is in good condition.

11. The Debtor estimated the fair market value of the Asset(s) at approximately NINETY THOUSAND DOLLARS ($90,000.00) at the time this case was filed.

12. The Debtor listed the Asset(s) for sale on Truck Trader, an independent commercial truck and trailer listing service for $95,000.00. Debtor has no interest in Truck Trader.

13. William Robinson ("Purchaser") is interested in buying the Asset(s). See Exhibit A attached hereto.

14. Purchaser has no connection to the Debtor.

15. By selling the Asset(s) directly to Purchaser, Debtor will save the costs of sale, including but not limited to commissions, and will be receiving fair market value, which will directly benefit its creditors.

16. The Asset(s) will be sold free and clear of all liens, claims and encumbrances.

17. Section 363(f) of the Bankruptcy code provides that a debtor in possession may sell property free and clear of any interest in such property of any entity other than the estate upon certain conditions See 11 § U.S.C 363(f).

### The Sale is in the Best Interest of the Estate

18. The sale of the Asset(s) will provide needed cash to the estate and reduce the debt obligation owed, thereby permitting the Debtor to restructure its remaining debt

obligations.

19. The Debtor has conducted an investigation of the Asset(s) and has evaluated its options regarding ongoing use versus its sale. As a result, Debtor believes that the Purchaser's offer as set forth herein, represents the best offer and course of action for the estate.
20. The Bankruptcy Code allows, after notice and a hearing, "[to] use, sell or lease, other than in the ordinary course of business, property of the estate." 11 § U.S.C 363(b)
21. The Debtor proposes the sale is in the good faith and for the sound business purpose of maximizing the return on the Asset(s) to be sold hereunder.
22. The Debtor believes that the sale will produce a value that is fair and reasonable for the bankruptcy estate.
23. Time was of the essence for the above-referenced sale.
24. Proceeds from the sale will be remitted to Lender to reduce the amount owed on the vehicle. The excess, if any, with be used by the Debtor for payment of ongoing operating expenses.
25. The Debtor further requests authority to enter into and execute any agreements and/or documents necessary to liquidate the Asset(s) as contemplated herein, as well as to transfer title to the Purchaser.
26. The Debtor further requests this Court find that the Purchaser has acted in good faith with respect to the sale and be afforded the protection provided to good-faith purchasers as set forth in § 363(m) of the Bankruptcy Code.

**Relief Requested**

27. By this Motion, the Debtor seeks entry of an Order, pursuant to § 363 and §105 of the Bankruptcy Code, to sell the Assets under the terms and conditions set forth in the Bill of Sale
28. There is no broker involved in the transaction.
29. Debtor does not believe that further efforts to market the Assets or sell the Assets at auction will result in any significant net increase to the estate, after accounting for the marketing costs and the costs of selling the Assets at auction.

30. The Debtor proposes to use the proceeds to reduce the amount owed to the Lender.

## Applicable Authority and Basis For Relief Requested

31. Section 363(b) of the Bankruptcy Code provides that a debtor in possession "may use, sell, or lease, other than in the ordinary course of business, property of the estate." *See* 11 USC §363(b). Section 363(f) of the Bankruptcy Code provides that a debtor in possession may sell property under section 363(f) free and clear of any interest in such property of an entity other than the estate upon certain conditions. *See* 11 USC §363(f).

32. It is well-settled that a debtor in possession may sell assets out of the ordinary course of business pursuant to §363(f) of the Bankruptcy Code if there is a sound business justification for doing so. *See, In re: Lion Corp.*, 722 F2d 1063, 1070 (2nd Cir. 1983); *In re: Naron & Wagner, Chartered,* 89 BR 85 (Bankr. D. Md 1988); *see also, McDow v Official Committee of Equity Security Holders of Criimi Mae, Inc.* 247 BR 156 (d. Md 1999) ("court may authorize the use of estate property other than in the ordinary course of business when some business justification for doing so exists").

33. The sale of the Asset(s) is integral to the Debtor's Chapter 11 bankruptcy case and to fulfill its obligations under contemplated plan of repayment and reorganization. So long as the Debtor continues to own the Asset(s), it is incurring obligations maintaining the business, personal property taxes, insurance, and maintenance costs. Disposition of the Asset(s) will provide needed cash to the estate and reduce the debt obligation owed, thereby permitting the Debtor to restructure or pay off the remaining debt obligations.

34. The Debtor has conducted an investigation of the Asset(s) and has evaluated its options regarding ongoing operations versus its sale. As a result thereof, the Debtor believes that the sale pursuant to the terms and conditions described herein represents the best interests and course of action for the estate.

WHERFORE, Debtor prays for the following relief:

a) That the Court, after due notice to all interested parties, grant an Order authorizing Debtor's Motion to Sell Assets under the terms outlined herein, and allowing the

    Debtor to use the proceeds to reduce the amount owed to the Lender and pay ongoing operating expenses.

  b) For such other and further relief as this Court may deem just and appropriate.

This 2 day of June 2025

                /s/ Ian M. Falcone
                Ian M. Falcone
                Georgia Bar No. 254470
                Attorney for Debtor

THE FALCONE LAW FIRM, P.C.
363 Lawrence Street
Marietta, GA 30060
(770) 426-9359
imf@falconefirm.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

IN RE:                                              :
                                                    :     CHAPTER 11
RSTZ TRANSPORT INC                                  :     CASE NO.  25-20123-jrs
                        Debtor.                     :

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing **MOTION TO SELL**, using the Bankruptcy Court's Electronic Case Filing program, which sends a notice and an accompanying link to this document to the parties who are registered to receive service via the CM/ECF system.  Also, I have caused to be mailed by First Class Mail with the United States Postal Service the "**MOTION TO SELL**" the parties listed below:

William Robinson
5262 Trekell street
North Port, FL 34287

Flagstar Financial
c/o Logan Rappaport, Esq
Bronster LLP
156 W. 56th Street, Suite 703
New York, NY 10019

RSTZ Transport, Inc.
4110 Balsam Bark Drive
Cumming, GA 30028

Mattherw Eutzler, Esq
Moore Clarke DuVall & Rodgers
2611 N. Patterson Street, 2nd Floor (31602)
PO Box 4540
Valdosta, GA 31604

This _∂_ day of June 2025

/s/ Ian M. Falcone
Ian M. Falcone
Georgia Bar No. 254470
Attorney for Debtor

THE FALCONE LAW FIRM, P.C.
363 Lawrence Street
Marietta, GA 30060
(770) 426-9359
imf@falconefirm.com

## PURCHASE AGREEMENT
### SUBJECT TO APPROVAL BY BANKRUPTCY COURT

SELLER: RSTZ TRANSPORT, INC. ("Seller")

BUYER: **WILLIAM ROBINSON** ("Buyer")

VEHICLE(S): **2020 Peterbuilt 389 Sleeper Tractor
VIN 1XPXD49X5LD686879** (the "Vehicle(s)")

DATE: **May 29, 2025**

Buyer hereby agrees to purchase the above-referenced Vehicle(s) from Seller on the following terms and conditions:

1. Buyer acknowledges that Seller is currently a debtor in a bankruptcy case pending in the Norther District of Georgia bearing case number **25-20123-JRS.**

2. Buyer acknowledges that this purchase is subject to the approval by the Bankruptcy Court.

3. Upon the entry of an Order approving this transaction, Buyer will immediately pay to Seller, the following sum in exchange for the Vehicle(s): **$95,000.**

4. Sale of the Vehicle(s) is "AS-IS" with no warranty express or implied whatsoever.

This __ day of _____, 2025.

| "Seller" | "Buyer" |
|---|---|
| RSTV Transport, Inc. | **WILLIAM ROBINSON** |
| *(signature)* | *(signature: William Robinson)* |
| Richard Bethune, President | **WILLIAM ROBINSON** |

Exhibit A