**IT IS ORDERED as set forth below:**



**Date: September 16, 2025**

_____
James R. Sacca
U.S. Bankruptcy Court Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| RSTZ TRANSPORT INC | : CASE NO. 25-20123-jrs |
| Debtor. | : |

## ORDER CONFIRMING DEBTOR'S PLAN DATED JULY 16, 2025

On May 30, 2025, RSTZ Transport Inc. ("Debtor") filed its Disclosure Statement (Doc. 82) and Plan of Reorganization (Doc. 83).

On July 15, 2025, the Court entered Order and Notice Approving Disclosure Statement and Fixing Time for Filing Acceptances or Rejections of Plan, and Notice of Confirmation Hearing, and Notice of the Time Fixed for Filing Objections to Confirmation of the Plan (Doc. 99).

On July 16, 2025, Debtor filed its "Amended Plan of Reorganization" (Doc. 100) (the "Plan").

On September 11, 2025, the Court held a hearing on confirmation and all pending matters. Present at the hearing were: Ian M. Falcone (Debtor's counsel), Richard Bethune (Debtor's representative), David Weidenbaum (Counsel for the US Trustee),

James Mitchell (Counsel for US Small Business Administration) and Anna Humnicky (Counsel for Riviera Finance).

The Court has taken judicial notice of the entire record in this case including all proofs of claim. There were no objections to confirmation.

The Court has considered the entire record at the Confirmation Hearing including but not limited to the Plan, Ballot Report, arguments of counsel and the evidence proffered at the Confirmation Hearing. Accordingly, the Court has determined:

**THE COURT HEREBY FINDS AND DETERMINES AS FOLLOWS:**

1. The Court has jurisdiction over this case pursuant to 28 U.S.C. §§157 and 1334. Venue is proper pursuant to 28 U.S.C. §§1408 and 1409. Confirmation of the Debtor's Plan is a core proceeding under 28 U.S.C. §157(b)(2), and the Court has exclusive jurisdiction to determine whether Debtor's Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. On September 4, 2025, Debtor filed a report of balloting [doc 120] certifying the method and results of the ballot tabulation for each of the classes voting to accept or reject the Plan.

3. On September 11, 2025 the Court conducted a hearing to consider confirmation of Debtor's Plan. Through counsel, Debtor made a proffer regarding his satisfaction of the requirements of Bankruptcy Code §1129(a) and (b) with respect to Debtor's Plan.

4. Debtor, as proponent of Debtor's Plan, met the burden of proving the elements of Section 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence, such being the applicable evidentiary standard in this Court. The Court also finds that the Debtor has satisfied the elements of Section 1129(a) and (b) of the Bankruptcy Code under the clear and convincing standard of proof.

5. Debtor's Plan complies with the applicable provisions of the Bankruptcy Code,

thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

6. Debtor and Debtor's agents, representatives, attorneys, and advisors have solicited votes on Debtor's Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and are entitle to the protections afforded by Section 1125(e) of the Bankruptcy Code.

7. Based on the votes submitted and representation made in court, the holders of claims in the following impaired classes under the Plan, have accepted the Plan:

| | | |
|---|---|---|
| 6.1 | Class 1 | |
| 6.2 | Class 2 | |
| 6.3 | Class 3 | |
| 6.3 | Class 4 | |
| 6.4 | Class 5 | |
| 6.5 | Class 6 | |
| 6.6 | Class 7 | |
| 6.7 | Class 8 | |
| 6.8 | Class 9 | |
| 6.9 | Class 10 | |

8. Accordingly, at least one impaired Class of claims, determined without including any acceptance by an insider of Debtor, has voted to accept the Plan.

9. However, due to the lack of all classes accepting Debtor's Plan, the court is required to confirm Debtor's Plan pursuant to Section 1129(b), the cramdown provision.

10. Based upon the finding and determinations listed above, the Court's review of the evidence presented, proffered, or adduced, and the entire record of this case, , the Court finds that Debtor's Plan as amended should be confirmed.

Accordingly,

**IT IS HEREBY ORDERED:**

A. The **Debtor's Plan** of Reorganization is **confirmed.**

B. All provisions of the Debtor's Plan shall bind Debtors, all entities receiving property under Debtor's Plan, all Creditors and all Interest Holders, and any other parties-in-interest, as well as the respective heirs, successors, assigns, or other persons claiming through them, whether or not the Claims or Interests of such Creditors, or Interest Holders are impaired under Debtor's Plan, and whether or not such Creditors, or Interest Holders have accepted Debtor's Plan.

C. The provisions of Debtor's Plan and this Order, including the findings of fact and conclusions of law set forth herein are non-severable and mutually dependent.

D. The automatic stay in effect in this case pursuant to Section 352(a) of the Bankruptcy Code shall continue in effect until the Effective Date of Debtor's Plan, and at that time shall be dissolved and of no further force or effect; provided, however, that nothing shall bar the filing of documents or taking of such other actions as are necessary to effectuate the transaction specifically contemplated by Debtor's Plan, or this Order prior to the Effective Date.

E. Debtor will continue to timely file its Monthly Operating Reports and/or Post Confirmation Quarterly Operating Reports until the time that this case closed.

F. Notwithstanding any language in the confirmed plan to the contrary, this Court will retain only such jurisdiction in this case as it is required to retain under the Bankruptcy Code and Rules.

G. Within 120 days from the entry of this Order, the debtor shall file a report stating whether the estate has been fully administered within the meaning of the Bankruptcy Rule 3022 and setting forth a list of all fees and expenses paid to all professionals including attorneys for the debtor, the trustee and the trustee's attorney, together with an application for a final decree closing the case.

H. Counsel for Debtor shall serve a copy of this Order upon all creditors and parties in interest within 72 hours of entry hereof and shall file the appropriate certificate of service with this Court within three (3) business days thereafter.

END OF DOCUMENT

Presented by:
/s/ IAN M. FALCONE
Ian M. Falcone
Attorney for Debtor
Georgia Bar No. 254470
THE FALCONE LAW FIRM, P.C.
363 Lawrence Street
Marietta GA 30060
imf@falconefirm.com


Approved as to form:
/s/ DAVID WEIDENBAUM
David Weidenbaum, Esq.
Trial Attorney
Georgia Bar No 745892
Office of the US Trustee
362 Richard B. Russell Building
75 Ted Turner Drive
Atlanta GA 30303
David.s.weidenbaum@usdoj.gov

DISTRIBUTION LIST

David Weidenbaum, Esq.
Office of the US Trustee
362 Richard B. Russell Building
75 Ted Turner Drive
Atlanta GA 30303

Ian M. Falcone
THE FALCONE LAW FIRM, P.C.
363 Lawrence Street
Marietta GA 30060